**ORIGINAL**

BROOKS R. BROWN (SBN 250724)
bbrown@goodwinprocter.com
**GOODWIN PROCTER LLP**
10250 Constellation Blvd.
Los Angeles, California 90067
Tel.: 310.788.5100
Fax: 310.286.0992

ROBERT B. BADER (SBN 233165)
rbader@goodwinprocter.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax: 415.677.9041

Attorneys for Defendants:
*EverBank a/k/a EverBank Direct a/k/a EverBank Federal Savings Association, EverBank Financial Corp, EverBank World Markets*

Filed
MAY 27 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

ADR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

EK VATHANA, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

EVERBANK a/k/a EVERBANK DIRECT a/k/a EVERBANK FEDERAL SAVINGS ASSOCIATION, EVERBANK FINANCIAL CORP, EVERBANK WORLD MARKETS, and DOES 1 to 25,

    Defendants.

Case No. **C09 02338 RS**

**NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY JURISDICTION, 28 U.S.C. § 1332 AND CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D))**

Judge:

LIBA/1999775.1
NOTICE OF REMOVAL OF CIVIL ACTION      Case No.

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AT SAN JOSE

Defendants EverBank, EverBank Financial Corp. ("EverBank Financial") and EverBank World Market (collectively, "Defendants") hereby give notice of their removal of the above-captioned action, Case No. 109-CV-140887, currently pending in the Superior Court of Santa Clara County, California, to the United States District Court for the Northern District of California. Removal is based on 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

As grounds for removal, Defendants state as follows:

## BACKGROUND

1. On or about April 24, 2009, plaintiff Ek Vathana ("Plaintiff"), on behalf of himself, and purportedly on behalf of a putative, nationwide class of similarly situated customers of Defendants, filed a "Complaint – 1. Breach of Contract [Class Action]" ("Complaint") with the Clerk of the Superior Court of Santa Clara County, California (the "State Court Action"). The State Court Action was assigned Case No. 109-CV-140887.

2. The Complaint purports to assert claims against Defendants for breach of contract on behalf of a putative class consisting of those customers of Defendants who purchased an EverBank WorldCurrency Certificate of Deposit ("CD") within the last four years and who were allegedly not paid "the correct value of their deposit based upon the fact that (a) EverBank refused to renew the person's CD and/or (b) EverBank purportedly 'converted' the person's foreign currency CD to US Dollars without consent." See Complaint, ¶¶ 34-35.

3. Upon information and belief, Plaintiff is, and at all relevant times has been, a citizen of the State of California. Complaint, ¶ 2 (stating that Plaintiff, "at all times relevant to this complaint, resided in Santa Clara County, California").

4. EverBank is a federal savings association chartered and regulated under the Home Owners' Loan Act, 12 U.S.C. §§ 1462a et seq. ("HOLA"), with its principal place of business located in Jacksonville, Florida. Declaration of Frank Trotter ("Trotter Decl.") at ¶ 2 (attached as

1. Exhibit A). For the purposes of determining diversity jurisdiction, a federal savings association is considered to be a citizen of only the state in which the association has its home office. See 12 U.S.C. § 1464(x). As such, EverBank is deemed to be a citizen of Florida for the purposes of this litigation.

5. EverBank Financial is a corporation incorporated in Florida with its principal place of business located in Jacksonville, Florida. Trotter Decl. at ¶ 3. As such, EverBank Financial is deemed to be a citizen of Florida for the purposes of this litigation. See 12 U.S.C. § 1332(c).

6. EverBank World Markets is a business unit/division of EverBank, not a separate corporate entity. Trotter Decl. at ¶ 4. As a business division of EverBank, EverBank World Markets is deemed to be a citizen of Florida for the purposes of this litigation. See 12 U.S.C. § 1464(x).

7. The citizenship of the fictitious parties named in the Complaint by Plaintiff, i.e., Does 1 through 25, is disregarded in determining diversity of the parties for the purposes of removal to federal court. See 28 U.S.C. § 1441(a).

8. None of the Defendants is a citizen of California – i.e., the state where the State Court Action was brought. See 28 U.S.C. § 1441(b).

**STATUTORY REQUIREMENTS – 28 U.S.C. § 1332(a)**

9. Citizenship of Parties. Diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332(a)(1), because the Plaintiff and Defendants are citizens of different states.

10. Defendants are not citizens of California, where the State Court Action was brought. See 28 U.S.C. § 1441(b).

11. Amount in Controversy. The amount in controversy with respect to the named plaintiff in this case, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C. 1441(a). While Defendants deny that Plaintiff is entitled to recover any amount, and specifically deny that Plaintiff is entitled to the relief in the various forms sought, given the Complaint's allegation of actual damages, punitive damages and other relief sought, the amount in controversy with respect to Plaintiff's claim alone exceeds $75,000, exclusive of interest and costs.

12. Whether the amount in controversy is met for the purposes of diversity jurisdiction depends on the claims of the Plaintiff made in the Complaint. Singer v. State Farm Mutual Auto Insurance Co., 116 F.3d 373, 375 (9th Cir. 1997).

13. Plaintiff purchased two EverBank WorldCurrency CDs in Icelandic Króna from Defendants. Trotter Decl., ¶ 5. Plaintiff alleges the CDs were purchased on July 18, 2008 ("July CD") and September 5, 2008 ("September CD"). Complaint, ¶ 24. Plaintiff further alleges that on October 20, 2008 and December 8, 2008, EverBank closed his July and September CDs, respectively, and converted his Icelandic Króna to US dollars at an allegedly unfavorable exchange rate. Complaint, ¶¶ 26-27.

14. Based on the allegations of the Complaint, Plaintiff seeks damages for "the difference in value between what EverBank has agreed to pay [Plaintiff] and what it should pay [Plaintiff] under the contract between the parties, with interest." Complaint, ¶ 33.

15. Although the Complaint does not place a precise monetary value on this damages claim, Plaintiff, through his attorney, sent a demand letter to EverBank on February 26, 2009, requesting that EverBank refund him the decrease in the "market value" of his two CDs. See Trotter Decl. at ¶ 6, Exh. 1.

16. According to EverBank's own investigation, the decrease in "market value," using, for the purposes of this calculation, the difference between the initial purchase price of Plaintiff's Icelandic Króna CDs in U.S. dollars, less the value of those same CDs at the time of their maturity at the exchange rate at which those CDs were converted to U.S. dollars, was $42,202.78. See Trotter Decl. at ¶ 7.

17. Both the Complaint and Plaintiff's demand letter also seek the imposition of punitive, or "special," damages. See Complaint, ¶ 41 and Prayer for Relief; Trotter Decl. at ¶ 6, Exh. 1. "Special" or "punitive" damages are treated as part of the amount in controversy for purposes of removal. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." Bell v. Preferred Life Assurance Soc'y, 328 U.S. 238, 240 (1943). See also Amezcua v. Cellco Partnership, No. 08-cv-04390, 2009 WL 1190553, at *3 (N.D. Cal. May 3, 2009) (stating that

1   claims for punitive damages are generally considered part of the amount in controversy, provided
2   that the underlying compensatory damages are not "speculative"); <u>Coren v. Mobil Entertainment,</u>
3   <u>Inc.</u>, No. 08-cv-05264, 2009 WL 764883, at *2 (N.D. Cal. Mar. 19, 2009) (same).

4       18.    Here, Plaintiff's own demand letter to Defendants indicates the precise nature of
5   the damages sought, making inclusion of punitive damages appropriate when determining the
6   amount in controversy. Even assuming, on a conservative basis, that Plaintiff seeks punitive
7   damages only equal to his compensatory damages, Plaintiff's total claim for damages, based on
8   the allegations of the Complaint and Plaintiff's own demand letter, exceeds $84,000, and thus the
9   amount in controversy exceeds the $75,000 threshold set by the diversity jurisdiction statute.

## STATUTORY REQUIREMENTS – CLASS ACTION FAIRNESS ACT

12      19.    <u>This Court has Jurisdiction</u>. Pursuant to 28 U.S.C. § 1332, as amended by CAFA, a
13  putative "class action" commenced after February 18, 2005 – <i>i.e.</i>, the effective date of CAFA –
14  may be removed to the appropriate United States District Court if (1) any member of the putative
15  class is a citizen of a state different from any defendant, and (2) the amount in controversy exceeds
16  the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

17      20.    CAFA is applicable to the State Court Action because the Action was commenced
18  on or about April 24, 2009. 28 U.S.C. §§ 1332, 1453.

19      21.    In addition, the State Court Action is a "class action" within the meaning of CAFA
20  because it is a "civil action filed under" California Code of Civil Procedure § 382 (<u>see</u> Complaint,
21  ¶ 36) – <i>i.e.</i>, California's analog to Federal Rule of Civil Procedure 23 and a "rule of judicial
22  procedure authorizing an action to be brought by 1 or more representative persons as a class
23  action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

24      22.    <u>Citizenship of Parties</u>. The requisite diversity of citizenship exists under 28 U.S.C.
25  §§ 1332(d)(2) and (d)(7). Defendants are deemed to be citizens of Florida. By contrast, Plaintiff
26  is, upon information and belief, a citizen of the state of California. <u>See</u> Complaint, ¶ 2. Thus,
27  based upon Plaintiff's own allegations, it is evident that each Defendant is a citizen of a state
28  different from at least one class member – <u>i.e.</u>, the named Plaintiff. Moreover, Defendants are not

citizens of the state of California. The diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2) and (d)(7) is thus met.

23. <u>Amount in Controversy</u>. There is more than $5,000,000 in controversy in this action. Under 28 U.S.C. § 1332(d), as amended by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While Defendants deny that Plaintiff or any putative class member are entitled to recover any amount, and specifically deny that Plaintiff or any putative class member are entitled to the relief in the various forms sought, given the Complaint's allegation of a nationwide class and the relief sought, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

24. In particular, Plaintiff contends that Defendants improperly forcibly converted his Icelandic Króna CDs to U.S. Dollars without permission, and charged him an improper exchange rate. Complaint, ¶¶ 24-33. In addition, Plaintiff seeks certification of a nationwide class of persons who have purchased a WorldCurrency CD from Defendants and who, "within the last four years, have not been paid the correct value of their deposit based on the fact that (a) EverBank has refused to renew the person's CD, and/or (b) EverBank purportedly 'converted' the person's foreign currency CD to US dollars without consent." <u>Id.</u>, ¶ 35.

25. Although the Complaint does not specifically state how Plaintiff values the damages suffered by each class member, his own correspondence indicates that he views the losses suffered by the class as being the decrease in the "market value" for each applicable WorldCurrency CD. <u>Trotter Decl.</u> at ¶ 6, Exh. 1.

26. Defendants' own investigation reveals that, with respect to WorldCurrency CDs held in Icelandic Króna alone, Defendants were forced to close approximately 225 Króna CDs, resulting in a decrease in "market value," using the calculation referenced above in Paragraph 16, of over $4,000,000. <u>Trotter Decl.</u> at ¶ 7.

27. Moreover, Plaintiff not only seeks compensatory damages on behalf of the class, but also "special damages" resulting from the alleged breach of contract. <u>See</u> Complaint, ¶ 41 and Prayer for Relief; <u>Trotter Decl.</u> at ¶ 6, Exh. 1. "Special" or "punitive" damages are treated as part

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111

of the amount in controversy for purposes of removal. See Bell, 328 U.S. at 240; Amezcua, 2009 WL 1190553, at *3; Coren, 2009 WL 764883, at *2.

28. Here, Plaintiff's own demand letter to Defendants indicates the precise nature of the damages sought, making inclusion of punitive damages appropriate when determining the amount in controversy. Even assuming, on a conservative basis, that Plaintiff seeks punitive damages only equal to alleged compensatory damages for the class, Plaintiff's total claim for damages for the class as a whole, based on the allegations of the Complaint and Plaintiff's own demand letter, exceeds $8,000,000, and thus the amount in controversy exceeds the $5 million threshold set by CAFA.

29. Jurisdiction is Mandatory. Jurisdiction is mandatory, not discretionary, under CAFA because Defendants are not citizens of California – i.e., "the state in which th[is] action was originally filed." 28 U.S.C. § 1332(d)(3).

30. No CAFA Exceptions Apply. Although Defendants deny that it is their burden to show that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(4), (5), and (9) apply, none do.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

31. Removal to Proper Court. This Court is part of the "district and division" embracing the place where this action was filed – Santa Clara County, California. See 28 U.S.C. § 1446(a).

32. Removal is Timely. Defendants are entitled to remove the State Court Action at any time up to thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based, or within thirty days after service of the summons, whichever is shorter. 28 U.S.C. § 1446(b). The Complaint in the State Court Action was filed on or about April 24, 2009, and Defendants received the Complaint and accompanying summons via U.S. Mail on April 27, 2009. Although the summons did not specify the date the Complaint was mailed, Defendants assume, for the purposes of this Notice, that the Complaint was served by U.S. Mail on April 24, 2007.

33. Under the law of this District, if service of the Complaint is made by mail, then three days are added to the thirty day time limit for the defendant to remove the action under Federal Rule of Civil Procedure 6(e). Student A. By and Through Mother of Student A. v. Metcho, 710 F.Supp. 267, 268 (N.D. Cal. 1989). Thus, under either the thirty day deadline from Defendants' receipt of the Complaint or the thirty-three day deadline from the assumed date of service of the Complaint, Defendants' deadline to file this Notice of Removal is May 27, 2009. As such, this Notice of Removal is timely because it is being filed with the United States District Court for the Northern District of California within this deadline.

34. Pleadings and Process. Attached hereto as Exhibit B is a copy of all process, pleadings, and orders received by Defendants and filed in the State Court Action. See 28 U.S.C. § 1446(a). Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

35. Notice. Attached hereto as Exhibit C is a copy of a Notice of Removal to All Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with the Clerk of the Superior Court of the Santa Clara County, California. See 28 U.S.C. § 1446(a), (d). Defendants will also file with the Clerk of the Superior Court of the Santa Clara County, California, a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

36. Consent to Removal. EverBank, EverBank Financial and EverBank World Markets consent to the removal of this action under traditional diversity jurisdiction. Consent to removal is not required for removal under CAFA. See 28 U.S.C. § 1453(b).

37. Signature. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

38. Bond and Verification. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

1   39.   Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. § 1453.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.

Dated:  May 27, 2009            By: /s/ Brooks R. Brown

BROOKS R. BROWN
*bbrown@goodwinprocter.com*
**GOODWIN PROCTER LLP**
10250 Constellation Blvd.
Los Angeles, California  90067
Tel.: 310.788.5100
Fax: 310.286.0992

ROBERT B. BADER
*rbader@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California  94111
Tel.: 415.733.6000
Fax: 415.677.9041

Attorneys for Defendants:
*EverBank a/k/a EverBank Direct a/k/a EverBank Federal Savings Association, EverBank Financial Corp, EverBank World Markets*

OF COUNSEL:

Thomas M. Hefferon, Esq.
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000

Deborah S. Birnbach, Esq.
Brook L. Ames, Esq.
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA  02109
(617) 570-1000

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Three Embarcadero Center, 24th Floor, San Francisco, CA 94111.

On **May 27, 2009**, I served the following documents on the persons below as follows:

**NOTICE OF REMOVAL OF CIVIL ACTION (CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332(D))**

| | |
|---|---|
| Michael Millen, Esq.<br>119 Calle Marguerita, Ste 100<br>Los Gatos, CA 95032 | Counsel for Plaintiff: *Ek Vathana*<br>Tel. 408.871.0777<br>Fax. 408.866.7480<br>mikemillen@aol.com |

☐ (MAIL) by placing a true copy thereof in a sealed envelope(s). I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ (EXPRESS MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing Express Mail for mailing. On the same day that Express Mail is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☑ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **May 27, 2009**, at San Francisco, California.

_____         _____
Stephanie Wilson                                                    (Signature)
(Type or print name)

LIBA/1999775.1

1

NOTICE OF REMOVAL OF CIVIL ACTION                                          Case No.