**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EK VATHANA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>EVERBANK, a/k/a EVERBANK DIRECT, a/k/a EVERBANK FEDERAL SAVINGS ASSOCIATION; EVERBANK FINANCIAL CORPORATION; EVERBANK WORLD MARKETS; and DOES 1 to 25,<br><br>Defendants.<br>_____/ | No. C 09-02338 RS<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

Plaintiff's motion for class certification is scheduled to be heard in this Court on March 11, 2010. Briefing on the motion is currently complete.

The nature and extent of the putative class has been an issue from the inception of this litigation. Both the complaint and the instant motion propose that the class should include all persons meeting certain criteria who purchased a WorldCurrency Certificate of Deposit ("WCCD") from EverBank during a four year period. Complaint at 9; Points and Authorities in Support of Plaintiff's Motion for Class Certification at 2. At a hearing in August 2009, in response to a question posed by the Court, plaintiff's counsel verified that he intended the class to include

purchasers of WCCDs denominated in any and all foreign currencies.

Nonetheless, the facts and arguments offered by plaintiff have, at all stages of the litigation, focused solely on persons who, like plaintiff, purchased a WCCD denominated in Icelandic krona ("ISK"). The instant motion is no different. It sets forth a definition of the class broad enough to encompass WCCDs in any currency, but its legal arguments assume, at every turn, that the class will contain only purchasers of ISK WCCDs. Plaintiff's reply in support of the class certification motion further muddies the waters by claiming that "[t]he parties appear to agree that the likely class members will be drawn from the accounts listed in Exhibits B and C to the Third Trotter Declaration"— lists which include only ISK WCCDs. Moreover, the accounts in these lists are limited to ISK WCCDs closed during a three month period, rather than the four year period referenced in plaintiff's formulations of the class.

At the stage in this lawsuit when the parties' motions to remand and to dismiss were under submission, the Court and the parties were able to defer this issue. *See, e.g.*, Order of October 5, 2009, at 3 (explaining that the alleged losses of the putative class exceeded $5,000,000 whether the class included only ISK WCCDs or WCCDs in all currencies, and concluding that jurisdiction existed under CAFA). At the present juncture, however, the time has come when the putative class must be defined. According to the data submitted by defendants and cited by plaintiff, if the class is defined narrowly, the number of affected CDs could total as few as 517; if it is defined broadly, that number jumps as high as 61,107. Third Declaration of Frank Trotter, at ¶¶ 19, 37. Likewise, based on the same data, the alleged losses of the putative class could be as low as $5,400,731.76 or as high as $49,183,666.92. *Id.* at ¶¶ 19, 38.[1]

In short, the issues posed by the instant motion cannot be decided unless the plaintiff provides a more precise description of the putative class, including 1) whether the putative class includes only ISK WCCD holders, or WCCD holders in all currencies; and (2) whether the putative class includes holders whose WCCDs were closed during the last three months of 2008, or holders whose WCCDs were closed at any time during the last four years.

---

[1] At this juncture, of course, the Court expresses no opinion as to the accuracy of these figures.

Accordingly, plaintiff is directed to submit a supplemental brief on this issue no later than March 2, 2010. If defendants wish to submit a brief in response, they should do so no later than March 5, 2010. Neither brief should exceed ten pages in length.

IT IS SO ORDERED.

Dated: 02/24/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE