UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EK VATHANA,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERBANK, et al.,<br><br>    Defendants. | Case No. 09-cv-02338-RS<br><br>**FINAL JUDGMNET AND ORDER OF DISMISSAL WITH PREJUDICE** |

The parties seek final approval of the settlement agreement resolving plaintiffs' claims against EverBank. Review of the settlement agreement and the declarations submitted in support of final approval make clear the proposed agreement is fair, adequate, and reasonable. In addition, the court makes the following findings:

1. This court has jurisdiction over the subject matter of this action, including the terms and conditions of the settlement agreement and over all parties to the action and all class members.

2. The claims administer distributed the notice to the class members in accordance with the terms of the settlement agreement and the preliminary approval order. The notice and notification procedures were reasonably calculated to apprise all class members of the proposed settlement, its binding effect, and their rights to be excluded from the settlement, to object to the terms of the settlement, to appear at the fairness hearing, and to obtain separate counsel. The notification complied with Federal Rules of Civil Procedure 23(c) and 23(d) and due process.

3. The parties entered into the settlement agreement during the course of arm's-length negotiations. The terms of the agreement are as fair, reasonable, and adequate.

4. This action and all settled claims are dismissed with prejudice. The parties will bear their own costs and fees, except as otherwise provided in the settlement agreement or this final judgment and order ("Final Judgment").

5. In accordance with Paragraph 1(ff) of the Settlement Agreement, for purposes of this Final Judgment the term "Released Parties" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors and predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

6. In accordance with Paragraph 1(gg) of the Settlement Agreement, for purposes of this Final Judgment the term "Settled Claims" shall mean: any and all claims, debts, demands, disputes, rights, causes of action, suits, matters, damages, or liabilities of any kind, nature, and character whatsoever (including but not limited to any claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual or derivative in nature (collectively, "Claims"), including both known Claims and Unknown Claims (as defined herein), against any of the Released Parties that (i) were asserted in the Action; (ii) could have been asserted in the Action in regard to EverBank WorldCurrency certificates of deposit denominated in Icelandic Króna, (iii)

1  would have been barred by *res judicata* had the current Complaint in the Action been fully
2  litigated to a final judgment, or (iv) could have been, or could in the future be, asserted in any
3  forum or proceeding or otherwise by any Class Member against any of the Released Parties and
4  concern, arise out of, refer to, are based upon, or are related in any way to EverBank Icelandic
5  WorldCurrency certificates of deposit, *provided, however,* that the term "Settled Claims" shall not
6  include claims to enforce the Settlement.  Nothing in this Final Judgment is intended to release
7  any claims regarding any accounts Class Members have or have had with EverBank unrelated to
8  EverBank's Icelandic WorldCurrency CDs.  Further, nothing in this Final Judgment is intended to
9  release any Claim or Unknown Claim that arose before October 8, 2008, or after December 31,
10  2008.

11        7.      In accordance with Paragraph 1(hh) of the Settlement Agreement, for purposes of
12  this Final Judgment the term "Settled Defendants' Claims" shall mean:  any and all claims, rights,
13  causes of action, damages, or liabilities of any kind, nature, and character whatsoever in law,
14  equity, or otherwise, including both known and Unknown Claims (as defined herein), which were,
15  could have been, or could be asserted in any forum by the Defendants or any of them against
16  Plaintiff, any Class Member, or Class Counsel, whether under United States federal, state, local,
17  statutory, or common law, or any other law, rule, or regulation, based upon, arising out of or
18  relating to, directly or indirectly, the institution, prosecution, assertion, settlement or resolution of
19  the Action; *provided, however*, that "Settled Defendants' Claims" shall not include claims to
20  enforce the Settlement.

21        8.      In accordance with Paragraph 1(mm) of the Settlement Agreement, for purposes of
22  this Final Judgment the term "Unknown Claims" shall mean:  any and all Settled Claims that any
23  Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor as of the
24  Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with
25  respect to the Settlement, or might have affected such party's decision not to object to this
26  settlement.  With respect to any and all Settled Claims, upon the Effective Date, the Lead Plaintiff
27  shall expressly waive, and each Class Member shall be deemed to have waived, and by operation

United States District Court
Northern District of California

of this Final Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, and of any U.S. federal or state law, or principle of common law or otherwise, that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides, in relevant part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiff and other Class Members or certain of them may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Settled Claims, but the Lead Plaintiff and the Class Members, upon the Effective Date, by operation of this Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, Settled Claims relating to conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement. The phrase "Unknown Claims" relates only to Settled Claims and Settled Defendants' Claims, and has no application as to any Class Member's claims against any of the Released Parties outside of the Settled Claims.

9.   Lead Plaintiff and every Class Member, on behalf of themselves and any of their personal representatives, Immediate Family, trustees, heirs, executors, administrators, successors or assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully,

finally, and forever released, relinquished, and discharged all Settled Claims against the Released Parties, and shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining or asserting any Settled Claim, or assisting any Person in instituting, prosecuting, participating, continuing, maintaining or asserting any Settled Claim, against any of the Released Parties, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person.

10. Each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Class Members, Lead Plaintiff, and Class Counsel from all Settled Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims.

11. All persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and entities may not pursue any Settled Claims on behalf of those who are bound by this Final Judgment.

12. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Final Judgment, (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery, (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action; or (iv) in any action or proceeding against a Person arising out of or relating to any rights or obligations of EverBank or any former officer, employee, or director of EverBank concerning indemnification, contribution, or advancement of fees and expenses.

13. This Final Judgment, the Settlement Agreement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Agreement

and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement:

    i. shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

    ii. shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Settled Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

    iii. shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

    iv. shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that any party may refer to the Settlement Agreement to effectuate any of its terms, such as the release of Settled Claims and other liability protections granted to them in the Settlement Agreement;

    v. shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

    vi. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

    vii. shall not, in the event of a Termination, be used by any Party for any

1      purpose in any trial in this Action.

2             14.     This court retains continuing jurisdiction over: (a) implementation of the
3      Settlement and any award or distribution from the Gross Settlement Fund, including interest
4      earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining
5      applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and
6      (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

7             15.     Lead Plaintiff and Class Counsel adequately represented the Class under Rules
8      23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into,
9      and implementing the settlement and at all times during the pendency of this action.

10            16.     During the course of the litigation, the lead plaintiff, class counsel, the Defendants
11     and their respective counsel at all times complied with the requirements of Rule 11 of the Federal
12     Rules of Civil Procedure.

13            17.     Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge
14     of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries,
15     predecessors, successors, assigns, affiliates, or representatives.

16            18.     This Final Judgment shall not be considered or used as a presumption, concession
17     or admission by or against Defendants of any fault, wrongdoing, breach or liability.

18            19.     The parties are authorized, without further approval, unanimously to agree to and
19     adopt in writing such amendments, modifications, and expansions of the Settlement Agreement
20     and all exhibits attached thereto, provided that such amendments, modifications, and expansions
21     of the Settlement Agreement are done in accordance with the terms of Paragraphs 32 of the
22     Settlement Agreement, are not materially inconsistent with this Final Judgment and do not
23     materially limit the rights of Class Members under the Settlement Agreement.

24            20.     In the event that the Settlement is terminated or otherwise does not become
25     effective in accordance with the terms of the Settlement Agreement, then this Final Judgment shall
26     be rendered null and void to the extent provided by and in accordance with the Settlement
27     Agreement and shall be vacated, and in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the provisions of Paragraph 34 of the Settlement Agreement shall apply.

**IT IS SO ORDERED**.

Dated:  July 20, 2016

_____
RICHARD SEEBORG
United States District Judge

**EXHIBIT 1**

Daisy Stoutsenberger

Magdalena Catalano

Kevin H. Pratt

Matthew Auer

END OF LIST